IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDDIE LEGSTON,

    **Plaintiff,**

v.                                                    Civil Action No. 3:18cv460

SOS INTERNATIONAL (VA) LTD, and
SOS INTERNATIONAL LTD,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: Defendant SOS International (VA) LTD and Defendant SOS International LTD's (collectively, "Defendants")[1] Motion to Transfer Venue (the "Motion to Transfer"), (ECF No. 4), and Plaintiff Eddie Legston's Motion to Remand ("the Motion to Remand"), (ECF No. 6). Plaintiff did not respond[2] to Defendants' Motion to Transfer, and the time to do so has expired. Defendants responded to Plaintiff's Motion to Remand. Legston did not reply to Defendants' response to the Motion to Remand.

Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument

---

[1] Defendants' Motion to Transfer notes that Defendant SOS International LTD was improperly identified by Legston as both "SOS International (VA) LTD" and "SOS International LTD."

[2] Although Legston did not respond to Defendants' Motion to Transfer, his Motion to Remand, filed the day after the Motion to Transfer, requests relief contrary to that sought by Defendants. In the Memorandum in Support of the Motion to Remand, (ECF No. 7), Legston argues that the Court must remand the case because Defendants cannot establish the facts necessary to establish this Court's jurisdiction over the matter.

would not aid in the decisional process. For the reasons that follow, the Court will grant the Motion to Remand and deny the Motion to Transfer as moot.

## I. Factual and Procedural Background

### A. Factual Background

Legston brings this personal injury action against Defendants for damages he sustained while working as a civilian instructor providing classroom training for military equipment at Camp Taji, Iraq. (Compl. ¶ 4, ECF No. 1-1.) Legston alleges that he was injured when he was struck on the head while operating a piece of exercise equipment that was improperly maintained by Defendants. (*Id.* ¶¶ 6–14.) He further claims that Defendants "negligently caused, permitted, and allowed to exist certain dangerous, hazardous and unsafe conditions, that they knew or should have known existed, and negligently fail[ed] to warn [Legston] of the dangerous [conditions.]" (*Id.* ¶ 20.)

### B. Procedural History

Legston originally filed the Complaint in the Circuit Court for the City of Richmond (the "Richmond Circuit Court"). On July 3, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441[3] and 1442.[4] In their Notice of Removal, Defendants noted that

---

[3] Section 1441 provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[4] Section 1442(a) provides, in pertinent part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

2

Legston improperly identified SOS International LTD as "SOS International (VA) LTD" and "SOS International LTD." On July 10, 2018, Defendants filed an Answer in this Court, reiterating Legston's improper identification of Defendants. On that same date, Defendants filed the Motion to Transfer.

Legston did not respond to Defendants' Motion to Transfer. On July 11, 2018, the next day, Legston filed the Motion to Remand, arguing that the case should be remanded because it was improperly removed by Defendants and that Defendants could not show the required federal jurisdiction over the case. Defendants responded to the Motion to Remand. (ECF No. 11.)

## II. Analysis: Motion to Remand

The Court first addresses the Motion to Remand. Legston moves to remand the case to the Richmond Circuit Court, claiming that it was improperly removed pursuant to 28 U.S.C. §§ 1441 and 1442(a) because Defendants have not, and cannot, meet their burden of establishing that federal question jurisdiction exists over the matter in controversy. In their Response, Defendants concede that neither of the Defendants, as currently named, provide base operations support for the U.S. Military in Iraq, and therefore this could not provide a basis for the exercise of federal jurisdiction under 28 U.S.C. § 1442(a). Accordingly, Defendants do not oppose the Motion to Remand. Based on the record before it, and lacking any opposition, the Court

---

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).

3

concludes that this case was improperly removed and should be remanded to the Richmond Circuit Court.

### A. Legal Standard

The party seeking removal bears the burden of establishing federal jurisdiction. *See, e.g., Mulcahey v. Columbia Organic Chem. Co.* 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted). Although the federal officer removal statute should be construed liberally, the burden is on the removing party to establish each of the elements of federal officer jurisdiction. *CRGT, Inc. v. Northrop Grumman Sys. Corp.*, No. 1:12-cv-554, 2012 WL 3776369, at *1 (E.D. Va. Aug. 28, 2012). Therefore, the removing party must establish: (1) that it exists as a "person" within the meaning of the statute; (2) that the removing party acted pursuant to a federal officer's directions; (3) that a causal nexus existed between his or her actions taken under color of federal office and the plaintiff's claims; and, (4) that a colorable federal defense exists. *L-3 Communications Corp. et al. v. Serco, Inc.*, 39 F. Supp. 3d 740, 745 (E.D. Va. Aug. 19, 2014); *see also Mesa v. California*, 489 U.S. 121, 124–25 (1989).

### B. The Court Will Remand the Case to the Richmond Circuit Court

On the facts presented, the Court finds remand to the Richmond Circuit Court appropriate. Defendants seek removal of the case under 28 U.S.C. § 1442(a)(1), which establishes federal officer removal jurisdiction, but they fail to provide facts necessary to establish any of the four prongs for removal identified above. *See L-3 Communications Corp. et al.*, 39 F. Supp. 3d at 745.

In their Notice of Removal, Defendants cited an allegation from the Complaint that "Defendants provide base operations support, including facility operations and maintenance, for the U.S. Military in Iraq, Afghanistan, and Libya[,] including the gym at Camp Taji, Iraq" as the

4

basis for removal under § 1442(a)(1). (Not. Removal ¶ 2, ECF No. 1 (citing Compl. ¶ 3).) However, neither this allegation, nor any other allegation contained in the Complaint contends that Defendants acted pursuant to a federal officer's directions or that a causal nexus existed between the actions and Legston's injuries. Further, Defendants counter that Legston named SOS International (VA) LTD and SOS International LTD in error because neither one of those entities provide military base operations support. Consequently, by Defendants' own acknowledgment, neither of the named entities could have acted in a manner satisfying the requirements for federal officer jurisdiction to exist over this case.[5] 28 U.S.C. § 1442(a)(1).

Because Defendants have failed to show that this Court has jurisdiction to consider the case, the Court will remand this matter to the Richmond Circuit Court.

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Remand. Because the Court remands the case to the Richmond Circuit Court, the Court will deny the Motion to Transfer as moot.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 1-31-19
Richmond, Virginia

---

[5] Defendants indicate they have provided opposing counsel the name of the proper entity. They suggest that options to prevent remand were offered and rejected.

5